NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS WAYNE DERELLO, Jr., AKA Douglas Wayne Derello,<br><br>     Plaintiff-Appellant,<br><br>  v.<br><br>JOHN McADOREY, Deputy Warden at SMU-1; S. SCOTT, Assistant Deputy Warden at SMU I; R. MONTES, Captain at SMU-1; DIGIRO, Sergeant at SMU I; L. STICKLEY, Deputy Warden at South Unit; K. AVANT-ORTIZ, NP at SMU-1 Medical; M. BONILLA, Sergeant at SMU-1; N. HARRIS, Sergeant at SMU 1; CENTURION LLC, Medical Company over all Arizona State Prisons; JOHN DOES, Officers at SMU 1; MAGEO; FREELAND; JANE DOE; DAHLGREN,<br><br>     Defendants-Appellees. | No. 21-15835<br><br>D.C. No. 2:19-cv-05884-MTL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted April 11, 2022[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Arizona state prisoner Douglas Wayne Derello appeals pro se from the district court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Derello failed to exhaust administrative remedies and he failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 578 U.S. 632, 642-45 (2016) (setting forth circumstances when administrative remedies are effectively unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (internal quotation marks omitted)).

The district court did not abuse its discretion by denying Derello's motion for reconsideration because Derello failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rule of Civil Procedure 59).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**